IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

************************************

GERARDO VAZQUEZ-MENTADO,

Plaintiff,

v.

Civil Action No.
5:12-CV-797-LEK-ATB

MORGAN BUITRON, et al.,

Defendants.

************************************

It is hereby stipulated by and between the undersigned Plaintiff (meaning any person, other than the defendants and the attorneys, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation").

2. In consideration for Plaintiff's agreement to accept the terms and conditions of this settlement, the Defendant United States of America (hereinafter "United States") agrees to pay the sum of $4,500.00 (hereinafter "Settlement Amount"), subject to further terms and conditions set forth in this Stipulation, in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of the above-captioned action, for which Plaintiff or his guardians, heirs, executors, administrators, or

assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies, and employees.

A. Within three business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document: (2) the Social Security Number or tax identification numbers of Plaintiff and his attorneys; and (3) an authorization by the Attorney General or his designee to conclude negotiations and consummate the settlement, counsel for the United States will send a formal request to the United States Treasury requesting that a check be issued for the Settlement Amount and be made payable to Plaintiff Gerardo Vazquez-Mentado. The check will be mailed to the U.S. Department of Justice, Civil Division, Office of Immigration Litigation (c/o Attorney Katherine Goettel) to hold until such time as Plaintiff's counsel has obtained an Order from the United States District Court for the Northern District of New York that (1) dismisses this action in its entirety with prejudice, with each party to bear its own costs, expenses, and fees and (2) further provides that the District Court shall not retain jurisdiction over the above-referenced action, the United States, the individual defendants, or the settlement. Plaintiff Gerardo Vazquez-Mentado agrees to endorse the check over to his attorney to be deposited in the attorney's client trust account to facilitate the disbursement of the Settlement Amount.

3. Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to accept the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including but not limited to claims of negligence, false imprisonment, false arrest, infliction of emotional distress, any and all constitutional tort violations, and claims for interest, costs, expenses, and fees, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agencies, and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators or assigns

further agree to reimburse, indemnify and hold harmless the United States of America, its agencies, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or their guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

Plaintiff further stipulates and agrees that the litigation hold placed in this case by the Defendant United States may be terminated upon transmittal of the settlement check to Plaintiff's counsel.

4. This settlement and the Stipulation are not, are in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

6. The parties agree that any attorneys' fees owed by Plaintiff in this action against the United States under the Federal Tort Claims Act shall not exceed twenty-five percent (25%) of the Settlement Amount as provided in 28 U.S.C. §2678.

7. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

8. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

9. This Stipulation shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the Stipulation has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this

agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

11. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

UNITED STATES OF AMERICA
STUART F. DELERY
Assistant Attorney General

Dated: 11/3/14, 2014

By: Kate EM Goettel
Katherine E.M. Goettel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
*Attorney for Defendant United States of America*

Dated: ________, 2014

By: ________
Gerardo Vazquez-Mentado
*Plaintiff*

Dated: August 14, 2014

By: [signature]
Walter Ruehle
Legal Aid Society of Rochester
*Attorney for Plaintiff*

Dated: 8/19/14, 2014

By: [signature]
David O. Irving
Worker Justice Center of New York, Inc. - Rochester Office
*Attorney for Plaintiff*

Dated: 14 August, 2014

By: [signature]
Peter O'Brian Dellinger
Empire Justice Center - Rochester
*Attorney for Plaintiff*

agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

11. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

UNITED STATES OF AMERICA
STUART F. DELERY
Assistant Attorney General

Dated: ____________________, 2014

By: ____________________
Katherine E.M. Goettel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
*Attorney for Defendant United States of America*

Dated: x 8-20-14, 2014

By: x Gerardo Vazquez Mentado
Gerardo Vazquez-Mentado
*Plaintiff*

Dated: ____________________, 2014

By: ____________________
Walter Ruehle
Legal Aid Society of Rochester
*Attorney for Plaintiff*

Dated: ____________________, 2014

By: ____________________
David O. Irving
Worker Justice Center of New York, Inc. - Rochester Office
*Attorney for Plaintiff*

Dated: ____________________, 2014

By: ____________________
Peter O'Brian Dellinger
Empire Justice Center - Rochester
*Attorney for Plaintiff*

IT IS SO ORDERED:

____________________
Lawrence E. Kahn
U.S. District Judge
Dated: November 10, 2014
Albany, NY